**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| L. R. BRETZ, personal representative of Charles L. Caddell,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>HELENA ELDERHOUSING, INC.; et al.,<br><br>             Defendants - Appellees. | No. 13-35028<br><br>D.C. No. 6:12-cv-00048-DLC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

     L. R. Bretz, personal representative of Charles L. Caddell, appeals pro se

from the district court's judgment dismissing Caddell's action alleging various

claims related to his residence in housing owned by Helena Elderhousing, Inc.  We

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

Contrary to Caddell's contentions, the magistrate judge properly conducted a preliminary screening of Caddell's complaint as required by 28 U.S.C. § 1915(e)(2), and properly dismissed Caddell's federal claims because Caddell failed to allege facts sufficient to state any plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Saxton v. Hous. Auth. of City of Tacoma*, 1 F.3d 881, 883-84 (9th Cir. 1993) (requirements for stating a claim under § 1983 alleging that public housing officials failed to provide grievance hearings to public housing tenants).

Dismissal of Caddell's state law claims was not an abuse of discretion in the absence of any cognizable federal claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over state law claims upon

13-35028

the dismissal of the federal claims); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (standard of review).

We reject Caddell's argument that the magistrate judge was biased or prejudiced.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**